NATHAN DENNETT *vs. Inhabitants of* WELLINGTON.

In an action against a town for damages sustained in the loss of a horse, alleged to have been caused by a defect in the highway, and where the defence was, that the injury was occasioned by driving rapidly an unbroken and unmanageable horse in the night, and not by badness of the road; *it was held,* that evidence of the previous bad behaviour of the horse was admissible.

THE plaintiff claimed damages for the loss of a horse, alleged to have been killed by reason of a defect in a public highway within the town of *Wellington,* on the second of *September,* 1835. The defendants insisted, that the loss was occasioned by the imprudence of the plaintiff in driving very rapidly an unbroken and unmanageable horse in the night time. The defendants called a former owner of the horse to prove that it was high spirited and unbroken, and was proceeding to give an instance of the misbehaviour of the horse while he owned it the *February* before the accident. This was objected to, but admitted by *Weston C. J.* on the trial. The verdict for the defendants was to be set aside, if the admission was erroneous.

*Hutchinson,* for the plaintiff, insisted that the testimony objected to had no relation to the subject matter of the trial, and ought not to have been admitted.

*Tenney,* for the defendants, said that two things were necessary to the maintenance of the action, a defect in the highway, and ordinary care in the traveller. And it was as much the duty of the plaintiff to provide himself with suitable animals and vehicles, as to make use of proper care himself. The testimony of the bad conduct of the horse at a time previous to the accident was proper to show the character of the horse. 2 *Pick.* 621; 7 *ib.* 188; 11 *East,* 60; 1 *Cowen,* 179; 6 *ib.* 189; 3 *Stark. Ev.* 986.

The opinion of the Court was prepared by

WESTON C. J. — The defence was placed upon a want of common prudence in the plaintiff, in driving rapidly an unbroken and unmanageable horse, in the night time. Upon this point the character of the horse was to be taken into the account. He was killed in *September.* If he was unbroken the *February* before,

this was a fact proper for the consideration of the jury, in the absence of testimony showing that his character had undergone a change.

*Judgment on the verdict.*